UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT HOLMES,

                Plaintiff,

       -against-                              1:12-CV-0179 (LEK/RFT)

JOHNNY G'S RESTAURANT, INC.; 150
PARTITION STREET, INC.; DUTCH ALE
HOUSE, INC.; and MAIN STREET
RESTAURANT OF SAUGERTIES, INC.,

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Robert Holmes ("Plaintiff")[1] brings this action to recover damages for personal injuries sustained in an automobile accident. Dkt. No. 1 ("Complaint"). Presently before the Court are Motions to dismiss by Defendants Johnny G's Restaurant, Inc. ("Johnny G's"); 150 Partition Street, Inc. ("150 Partition"); and Dutch Ale House, Inc. ("Dutch") (collectively, "Defendants").[2] Dkt. Nos. 46; 47; 50 (collectively, "Motions"). For the following reasons, Defendants' Motions are granted, and this case is dismissed.

---

[1] As discussed *infra*, Plaintiff was initially represented by counsel. However, after the Court granted Plaintiff's counsel's Motion to withdraw, Dkt. No. 35, Plaintiff failed to comply with the Court's Order to indicate whether he had obtained new counsel or intended to proceed *pro se*, and was therefore deemed *pro se* by default, Dkt. No. 40 ("May Order").

[2] Defendant Main Street Restaurant of Saugerties, Inc. ("Main Street") has yet to appear in this action, and Plaintiff has not provided proof of service on Main Street. See Docket. At a conference on September 19, 2013, Plaintiff's then counsel indicated that Main Street "is defunct." Dkt. No. 32.

## II. BACKGROUND

Plaintiff alleges that Defendants unlawfully served alcoholic beverages to Plaintiff's companion, Stephen Manning ("Manning"), who was visibly intoxicated when served, and that Plaintiff later suffered serious personal injuries as a passenger in Manning's vehicle when Manning lost control of the vehicle. See Compl.

Plaintiff commenced this action on December 22, 2011. Compl. In a Discovery Order dated February 1, 2013, Magistrate Judge Randolph F. Treece noted that "Plaintiff has not yet served Discovery Responses nor medical authorizations, even though Discovery Demands were served on or about October 30, 2012." Dkt. No. 20. The Court subsequently extended several discovery deadlines, but Plaintiff failed to comply with the Court's Scheduling Orders. See Dkt. Nos. 25; 28; 32.

On February 25, 2014, Plaintiff's counsel filed a sealed Motion to withdraw, stating that Plaintiff had moved to Arizona, and counsel had been unable to contact Plaintiff for a significant period of time. Dkt. Nos. 35; 37. Plaintiff did not respond to his counsels' Motion to withdraw. See Docket. On May 2, 2014, Judge Treece granted the Motion, noting that "over the past four months [Plaintiff's attorneys] have made an extraordinary effort to locate [Plaintiff], but to no avail." May Order at 1. Judge Treece further stayed the proceedings until July 7, 2014, to allow Plaintiff an opportunity to retain new counsel, or to inform the Court if he wished to proceed *pro se*. Id. The May Order was mailed to Plaintiff at his last two known addresses but was returned as "undeliverable" each time. Dkt. Nos. 41; 43.

Judge Treece held a telephone conference on July 11, 2014, where the Court indicated that it had not received any contact from Plaintiff regarding new counsel or his current address. Dkt. No.

44. Defendants indicated that they intended to file Motions to dismiss. Id. Again, a copy of the proceedings was mailed to Plaintiff at his last known address, and was returned to the Court as undeliverable. Dkt. No. 45.

**III. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." Freeman v. Lundrigan, No. 96-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing Rodriguez v. Walsh, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); see also Dodson v. Runyon, 957 F. Supp. 465, 469 (S.D.N.Y. 1997) (citing Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 148, 485 (2d Cir. 1994)). However, given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, the Second Circuit has instructed courts to accord *pro se* plaintiffs particular leniency in procedural matters such as these. Id.

In determining whether to dismiss a plaintiff's case under Rule 41(b), a court must consider five factors: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays will result in dismissal; (3) the likelihood that further delay will prejudice the defendant; (4) the need to alleviate court calendar congestion balanced against the need to protect the plaintiff's right to due process; and (5) the efficacy of lesser sanctions. Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). No single factor is dispositive in this

3

analysis; courts must weigh all five in determining whether dismissal is warranted under Rule 41(b). United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).

**A. Duration**

First, in weighing the duration factor of the Rule 41(b) analysis, a court considers both "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." Id. at 255.

Here, Plaintiff has not responded to Defendants' discovery demands dating back to October 2012. See Docket. Moreover, in May 2014, Plaintiff's counsel indicated that he had been unable to locate Plaintiff for the past four months. May Order at 1. Furthermore, Plaintiff did not respond to his counsel's Motion to withdraw, appear at conferences held in May and July 2014, or notify the Court whether he had obtained new counsel or intended to proceed *pro se*. Finally, the Court has made repeated attempts to mail Orders to Plaintiff at his last two known addresses—each returned as undeliverable—and Plaintiff has not provided a new address or otherwise made any contact with the Court for approximately a year. See Docket; May Order. Defendants, on the other hand, have fully engaged in the discovery process, attended all conferences, and have otherwise caused no delay in this action. Therefore, as to the first consideration, Plaintiff's failure to prosecute is a result exclusively of his own inaction.

As to the second prong, while "[t]here is no time frame specifically identifying the point at which a Rule 41(b) dismissal is warranted," see Feurtado v. City of N.Y., 225 F.R.D. 474, 479 (S.D.N.Y. 2004), Local Rule 41.2(a) provides that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Plaintiff has not responded to Defendants' discovery requests dating back to October 2012. Moreover, in May 2014, Plaintiff's

4

counsel indicated that he had not been able to contact Plaintiff for at least four months, and the Court has not since heard from Plaintiff. The Court finds that Plaintiff's failure to prosecute this case or otherwise make any contact with the Court for approximately a year weighs in favor of dismissal. See Crawley v. Helas, No. 09-CV-44, 2010 WL 2545159, at *3 (N.D.N.Y. May 25, 2010), adopted by 2010 WL 2545152 (N.D.N.Y. June 18, 2010) (Kahn, J.) (finding duration of plaintiff's failure "substantial and no end to the inaction appears in sight" where plaintiff "failed to have any contact with opposing counsel or the Court for over five months"); see also Amoroso v. Cnty. of Suffolk, No. 08-CV-826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) (finding duration of failure weighed in favor of dismissal where opposing counsel had been unable to contact plaintiff for nearly five months); Kearney v. City of N.Y., No. 02-CV-9741, 2003 WL 22682721, at *2 (S.D.N.Y. Nov. 6, 2003) (finding failure to prosecute where over four months had elapsed since plaintiff appeared at conference and plaintiff "ha[d] not taken any steps to prosecute this action" since).

### B. Notice

As stated *supra*, Plaintiff has failed to comply with Discovery Orders, did not respond to his counsel's Motion to withdraw, and did not appear at telephone conferences in May and July 2014. Additionally, the Court has mailed several Orders to Plaintiff at his last two known addresses, yet all have been returned as undeliverable; Plaintiff has not provided the Court with an updated address. To the extent Plaintiff never received these Orders, the fault lies solely with Plaintiff for failure to comply with the Local Rules and update his address with the Court. L.R. 10.1(b)(2); Dansby v. Albany Cnty. Corr. Facility, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996). These Orders provided Plaintiff with ample notice that he would risk dismissal of his action if he

failed to update his address with the Court. See Feurtado, 225 F.R.D. at 478; see also Stoenescu v. Jablonsky, 162 F.R.D. 268, 271 (S.D.N.Y. 1995) (holding that defendant's motion to dismiss constituted notice of possible dismissal, as well as citing plaintiff's failure to appear for pre-trial conferences). Accordingly, the second factor weighs in favor of dismissal.

### C. Prejudice to Defendant

Third, the Court finds that the likelihood of prejudice to Defendants posed by Plaintiff's failure to respond to their discovery requests also weighs in favor of dismissal. "In order to defend against a claim of injuries . . . the defendants naturally would need plaintiff's testimony regarding the incidents in question and might need information from other sources." Myvett v. Rosato, No. 03 Civ. 2379, 2004 WL 1354254, at *3 (S.D.N.Y. June 16, 2004). Plaintiff's silence in the face of these requests prejudices Defendants insofar as it prevents them from ascertaining the factual basis of the Complaint against them through document discovery and interrogatories. See Crawley, 2010 WL 2545159, at *3; Reuben v. Ellis, No. 07 Civ. 6046, 2009 WL 2611394, at *4 (S.D.N.Y. Aug. 25, 2009). The consideration of prejudice to Defendants therefore also militates in favor of a Rule 41(b) dismissal.

### D. Balancing

"Although the impact that cases lingering on the court's docket without any prosecution can be severe, 'there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.'" Mahadi v. Johnson Controls, Inc., No. 02-CV-1256, 2003 WL 21244545, at *4 (quoting LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001)). The guideline for case completion in this District is eighteen months. See N.D.N.Y. Gen. Order 25, cited in Rodriguez v. Gil, No. 06-CV-0403, 2009

6

WL 174931, at *5 (N.D.N.Y. Jan. 23, 2009) (Kahn, J.). Here, Plaintiff commenced this action in December 2011, and it has thus been ongoing for approximately thirty-four months. Moreover, discovery deadlines have been repeatedly extended due solely to Plaintiff's lack of compliance with pre-trial orders. See Docket. Ultimately, after the filing of the Complaint, Plaintiff has not taken any action to indicate his desire to continue prosecuting this case. Accordingly, the fourth factor also weighs in favor of dismissal.

**E. Efficacy of Lesser Sanctions**

Finally, the Court considers whether lesser sanctions than a Rule 41(b) dismissal are available here. Any further direction to Plaintiff to notify the Clerk of his address will not be effective in light of previous mail returned to the Court as undeliverable. See Wilson v. Perlman, No. 07-CV-1128, 2009 WL 1851336, at *3 (N.D.N.Y. June 26, 2009) ("This case obviously cannot proceed without notice to the court and defendants' counsel of a valid and current address for use in contacting the plaintiff"); see also Dong v. United States, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim."). Nor is waiting for Plaintiff to comply with his obligations likely to be fruitful, as he has failed to do so for nearly two years now. See Docket.

In light of this final consideration that there are no efficacious lesser sanctions here, and in light of the totality of other factors cited above, the Court grants Defendants' Motion to dismiss for failure to prosecute. However, mindful of Plaintiff's *pro se* status, this action is dismissed without prejudice. See Amoroso, 2010 WL 2985864, at *3; see also FED. R. CIV. P. 41(b) ("Unless the

dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

### F. Remaining Defendant

As stated *supra*, Main Street has yet to appear in this action, and Plaintiff has failed to provide proof of service upon Main Street. See Docket. Although Main Street has not moved for dismissal, it is within the Court's "inherent power" to dismiss a case *sua sponte* for lack of prosecution. Link, 370 U.S. at 631. For the reasons discussed *supra*, the Court finds that Plaintiff's claims against Main Street are also subject to dismissal for failure to prosecute.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants Johnny G's Restaurant, Inc.; 150 Partition Street, Inc.; and Dutch Ale House, Inc.'s Motions (Dkt. Nos. 46; 47; 50) to dismiss for failure to prosecute are **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure Rule 41(b); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  October 17, 2014
        Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge